UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ELVIA PONCE GARCIA and DEMETRIO PEREZ LOPEZ,

                    Civil Action No. 16-6726

                Plaintiffs,      **COMPLAINT & JURY DEMAND**

- against -

UNITED STATES OF AMERICA,

                Defendant.
-------------------------------------------------------------------x

The Plaintiffs, ELVIA PONCE GARCIA and DEMETRIO PEREZ LOPEZ, complaining of the Defendant, the UNITED STATES OF AMERICA, through their attorneys, TROLMAN, GLASER & LICHTMAN, P.C. respectfully shows to this Court and alleges, upon information and belief, that at all relevant times mentioned herein the following to be true:

PRELIMINARY STATEMENT

This is a medical malpractice action for personal injuries sustained by the Plaintiff, ELVIA PONCE GARCIA, and for per quod damages sustained by the Plaintiff, DEMETRIO PEREZ LOPEZ, as a result of the medical malpractice committed upon his wife Plaintiff ELVIA PONCE GARCIA. On or about April 28, 2014 through November 20, 2014 and at times prior and subsequent thereto, Sunset Park Health Council, Inc. d/b/a Lutheran Family Health Centers (referred to herein as "Lutheran Clinic"), Ernesto Rodriguez-Dumont, M.D. and Jyothi Chowdary Nannapaneni, M.D. were negligent in the prenatal care and treatment rendered to ELVIA PONCE GARCIA in that they failed to address her signs and symptoms, including but not limited to hypertension, proteinuria, and polyhydramnios, and failed to effect delivery of her fetus in a timely manner. As a result of this negligence, Plaintiff, ELVIA PONCE GARCIA sustained an intrauterine fetal demise due to pre-eclampsia at 36 weeks gestation. Jurisdiction is

appropriate in this Court pursuant to 28 U.S.C. 1331 insofar as a "Federal Question" is presented under the Federal Tort Claims Act.

## PARTIES, JURISDICTION AND VENUE

1. That at all times hereinafter mentioned, plaintiffs, ELVIA PONCE GARCIA and DEMETRIO PEREZ LOPEZ reside at 1028 39th Street, Apt. #1F, Brooklyn, New York 11219.

2. That at all times hereinafter mentioned the Lutheran Clinic was located at 150 55th Street, Brooklyn, New York 11220 and was and continues to be a federal supported health center and was deemed by the Department of Health and Human Services, pursuant to 42 U.S.C. § 233(g)-(h) to be eligible for coverage under the FTCA.

3. That at all times hereinafter mentioned, Ernesto Rodriguez-Dumont, M.D. and Jyothi Chowdary Nannapaneni, M.D., were physicians duly licensed to practice medicine in the State of New York and were employees of the Lutheran Clinic and were acting within the scope of their employment.

4. As employees of a federally supported health center acting within the course and scope of their employment, Ernesto Rodriguez-Dumont, M.D. and Jyothi Chowdary Nannapaneni, M.D. are deemed to be employees of the United States of America for purposes of the FTCA, in accordance with 42 U.S.C. § 233(g)-(h).

5. As stated in 42 U.S.C. § 233(g)(1)(A), at all times hereinafter mentioned, the

Federal Tort Claims Act is the exclusive remedy for injuries caused by employees of the Lutheran Clinic.

6. Jurisdiction exists in this Court pursuant to § 28 U.S.C. 1331, as this action arises under the Constitution, laws, and treaties of the United States, including the Federally Supported Medical Center Assistance Act of 1992, Pub. L. No. 102-501, 106 Stat. 3268, and the Federally Supported Medical Center Assistance Act of 1995, Pub. L. No. 104-73, 109 Stat. 777 (codified as amended at 42 U.S.C. §201 et seq.)

7. Venue is appropriate in this Court inasmuch as the a substantial part of the events or omissions giving rise to the claim occurred within the judicial boundaries of the Eastern District of New York.

## FIRST CAUSE OF ACTION

8. Plaintiffs repeat, reiterate and reallege each and every allegation as contained in paragraphs numbered "1" through "8" as if fully set forth at length herein.

9. That at all times hereinafter mentioned, the Lutheran Clinic employed physicians, nurses, technicians, and other medical personnel, including but not limited to Ernesto Rodriguez-Dumont, M.D. and Jyothi Chowdary Nannapaneni, M.D., and held itself out to the public and more particularly to plaintiff ELVIA PONCE GARCIA as trained, qualified, staffed and equipped to render the necessary and appropriate medical, gynecologic, and obstetric care, services and procedures required to properly provide prenatal care and services to plaintiff ELVIA PONCE GARCIA.

10. That from on or about April 28, 2014 through November 30, 2014 and prior and subsequent thereto, the Lutheran Clinic employed physicians, nurses, technicians, and other medical personnel, including but not limited to Ernesto Rodriguez-Dumont, M.D. and Jyothi Chowdary Nannapaneni, M.D., who negligently rendered medical, gynecologic, and obstetric services to plaintiff

ELVIA PONCE GARCIA.

11. Plaintiff ELVIA PONCE GARCIA was a prenatal patient of advanced maternal age. She initially sought treatment at the Lutheran Clinic on or about April 28, 2014. She was a high risk obstetric patient as her history included insulin dependent diabetes, morbid obesity, chronic hypertension, and a prior incidence of the pregnancy complication pre-eclampsia which necessitated preterm delivery.

12. During the course of her prenatal care at the Lutheran Clinic, on or about October 14, 2014, plaintiff ELVIA PONCE GARCIA was diagnosed with polyhydramnios (an excess of amniotic fluid) via ultrasound.

13. On November 4, 2014, plaintiff ELVIA PONCE GARCIA presented to the Lutheran Clinic. She was noted to have 3+ protein in her urine. Excess protein in a patient's urine can be a sign of the pregnancy complication pre-eclampsia. Pre-eclampisa is a pregnancy complication characterized by high blood pressure and signs of damage to organ systems, often the kidneys. Untreated, pre-eclampsia can result in maternal or fetal death.

14. On November 7, 2014, plaintiff ELVIA PONCE GARCIA presented to the Lutheran Clinic. She was noted to have 2+ protein in her urine.

15. On November 14, 2014, plaintiff ELVIA PONCE GARCIA presented to the Lutheran Clinic. She was noted to have 2+ protein in her urine.

16. On November 21, 2014, plaintiff ELVIA PONCE GARCIA presented to the Lutheran Clinic. At this time, her pregnancy was 35 weeks gestation. She was noted to have 3+ protein in her urine, an indication of possible pre-eclampsia. In addition, during an ultrasound preformed on that date, the amniotic fluid index (a measurement of the amount of amniotic fluid present) was found to be 38.1. A value over 25 is considered elevated. In addition, the maximum vertical pocket of amniotic fluid was found to be 10.5, a value which normally should not exceed 8. This was an indication that her

...

polyhydramnios had increased since prior visits. Polyhydramnios is a pregnancy complication which is associated with stillbirth.

17. On November 25, 2014, plaintiff ELVIA PONCE GARCIA presented to the Lutheran Clinic. She was also noted to have 3+ protein in her urine. She was also noted to have elevated blood pressure of 136/92 and 144/89, a potential sign of pre-eclampsia.

18. On November 28, 2014, plaintiff ELVIA PONCE GARCIA presented to the Lutheran Clinic. She was again noted to have polyhydramnios. The blood pressuer of plaintiff ELVIA PONCE GARCIA was not noted.

19. On November 30, 2014, plaintiff ELVIA PONCE GARCIA presented to Lutheran Hospital. She complained of no fetal movement since the prior day. Ultrasound revealed no fetal heartbeat. On admission, plaintiff ELVIA PONCE GARCIA's blood pressure was elevated at 162/82. The deceased fetus was delivered via cesarean section. The plaintiff's pregnancy was at 36 weeks gestation. A subsequent pathology report found that the probable cause of the fetal demise was "preeclampsia compromised the placenta restricting the blood flow to the baby's limbs, kidney and stomach in an effort to preserve the vital supply to the brain and heart. When the baby's oxygen reserve became depleted, the baby's body produced too much lactic acid which built up. Consequently, the baby developed acidosis and stopped moving, resulting in death in utero."

20. The Lutheran Clinic through its employed physicians, nurses, technicians, and other medical personnel, including but not limited to Ernesto Rodriguez-Dumont, M.D. and Jyothi Chowdary Nannapaneni, M.D., negligently rendered medical, gynecologic, and obstetric services to plaintiff ELVIA PONCE GARCIA by failing to address her signs and symptoms of pre-eclampsia, including but not limited to hypertension and proteinuria. They failed from on or about November 7, 2014 to on or about November 25, 2014 to preform further tests upon the plaintiff ELVIA PONCE GARCIA to

determine if she was suffering from pre-eclampsia. In addition, they failed to admit plaintiff ELVIA PONCE GARCIA to the hospital for further testing and/or to deliver her fetus.

21. In addition, the Lutheran Clinic through its employed physicians, nurses, technicians, and other medical personnel, including but not limited to Ernesto Rodriguez-Dumont, M.D. and Jyothi Chowdary Nannapaneni, M.D., negligently rendered medical, gynecologic, and obstetric services to plaintiff ELVIA PONCE GARCIA in that they failed to appreciate the high risk nature of her pregnancy, failed to appreciate the significance of the pregnancy complications which she presented with, and failed to manage said complications in accordance with the accepted standard of medical practice.

22. As a result of the foregoing, plaintiff ELVIA PONCE GARCIA was caused to sustain severe and permanent personal injuries, including but not limited to intrauterine fetal demise, stillbirth, cesarean section, emotional distress, mental anguish, pain and suffering and loss of enjoyment of life, and has incurred and will continue to incur medical and other expenses.

23. That the aforementioned personal injuries sustained by plaintiff ELVIA PONCE GARCIA were proximately caused by the negligence and malpractice of the Lutheran Clinic through its employed physicians, nurses, technicians, and other medical personnel, including but not limited to Ernesto Rodriguez-Dumont, M.D. and Jyothi Chowdary Nannapaneni, M.D., while they were acting within the scope of their office or employment. 28 U.S.C. 2672

24. That the aforementioned negligence and malpractice occurred under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the State of New York, the place where the negligence and malpractice occurred. 28 U.S.C. 2672.

25. On February 22, 2016, plaintiffs presented their claims to the Department of Health and

Human Services, the appropriate Federal agency, by mailing a standard form 95, as required by 28 C.F.R. 14.2.

26. As of August 22, 2016, six (6) months have elapsed without notice of a final disposition of plaintiffs' claim being received from the Department of Health and Human Services by plaintiffs, therefore plaintiffs elect to deem this omission a final denial of their claims pursuant to 28 U.S.C 2675.

27. Therefore, having had her claim finally denied, plaintiff ELVIA PONCE GARCIA, institutes this claim against the United States under the Federal Tort Claims Act for money damages for personal injuries caused by the negligence and malpractice of the agents, representatives and/or employees of the Lutheran Clinic, including but not limited to employees Ernesto Rodriguez-Dumont, M.D. and Jyothi Chowdary Nannapaneni, M.D., for actions that occurred while they were acting within the scope of their office or employment.

## SECOND CAUSE OF ACTION

28. Plaintiffs repeat, reiterate and reallege each and every allegation as contained in paragraphs numbered "1" through "28" as if fully set forth at length herein.

29. The Lutheran Clinic through its employed physicians, nurses, technicians, and other medical personnel, including but not limited to Ernesto Rodriguez-Dumont, M.D. and Jyothi Chowdary Nannapaneni, M.D., failed to advise, inform or fully warn plaintiff ELVIA PONCE GARCIA of the risks, hazards, dangers or possible complications of the examinations, care treatments, studies, tests procedures, and services performed upon or rendered to plaintiff and failed to advise of the reasonable alternatives thereto and failed to obtain an informed consent.

30. The Lutheran Clinic through its employed physicians, nurses, technicians, and other medical personnel, including but not limited to Ernesto Rodriguez-Dumont, M.D. and Jyothi Chowdary

Nannapaneni, M.D., failed to advise plaintiff ELVIA PONCE GARCIA of the risks, hazards or dangers of continuing her pregnancy and failed to offer her the option of induction of labor and/or repeat cesarean section delivery.

31. The Lutheran Clinic through its employed physicians, nurses, technicians, and other medical personnel, including but not limited to Ernesto Rodriguez-Dumont, M.D. and Jyothi Chowdary Nannapaneni, M.D., failed to advise plaintiff ELVIA PONCE GARCIA of the risks, hazards or dangers of not being admitted to the hospital for monitoring and/or further treatment and failed to offer her the option of inpatient hospital admission.

32. The Lutheran Clinic through its employed physicians, nurses, technicians, and other medical personnel, including but not limited to Ernesto Rodriguez-Dumont, M.D. and Jyothi Chowdary Nannapaneni, M.D., failed to advise plaintiff ELVIA PONCE GARCIA of the risks, hazards or dangers of not undergoing additional testing to rule in or out the diagnosis of pre-eclampsia and/or to determine fetal wellbeing and failed to offer her the option of undergoing additional testing to rule in or out the diagnosis of pre-eclampsia and/or to determine fetal wellbeing.

33. As a result of the foregoing, plaintiff ELVIA PONCE GARCIA was caused to sustain severe and permanent personal injuries, including but not limited to intrauterine fetal demise, stillbirth, cesarean section, emotional distress, mental anguish, pain and suffering and loss of enjoyment of life, and has incurred and will continue to incur medical and other expenses.

34. That the aforementioned personal injuries sustained by plaintiff ELVIA PONCE GARCIA were proximately caused by the negligence and malpractice of the Lutheran Clinic through its employed physicians, nurses, technicians, and other medical personnel, including but not limited to Ernesto Rodriguez-Dumont, M.D. and Jyothi Chowdary Nannapaneni, M.D., while they were acting within the scope of their office or employment. 28 U.S.C. 2672

35. That the aforementioned negligence and malpractice occurred under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the State of New York, the place where the negligence and malpractice occurred. 28 U.S.C. 2672.

36. On February 22, 2016, plaintiffs presented their claims to the Department of Health and Human Services, the appropriate Federal agency, by mailing a standard form 95, as required by 28 C.F.R. 14.2.

37. As of August 22, 2016, six (6) months have elapsed without notice of a final disposition of plaintiffs' claim being received from the Department of Health and Human Services by plaintiffs, therefore plaintiffs elect to deem this omission a final denial of their claims pursuant to 28 U.S.C 2675.

38. Therefore, having had her claim finally denied, plaintiff ELVIA PONCE GARCIA, institutes this claim against the United States under the Federal Tort Claims Act for money damages for personal injuries caused by the negligence and malpractice of the agents, representatives and/or employees of the Lutheran Clinic, including but not limited to employees Ernesto Rodriguez-Dumont, M.D. and Jyothi Chowdary Nannapaneni, M.D., for actions that occurred while they were acting within the scope of their office or employment.

## THIRD CAUSE OF ACTION

39. Plaintiffs repeat, reiterate and reallege each and every allegation as contained in paragraphs numbered "1" through "39" as if fully set forth at length herein.

40. That at all times herein mentioned, plaintiff ELVIA PONCE GARCIA and plaintiff DEMETRIO PEREZ LOPEZ were lawfully married to each other and continuously resided together as

husband and wife.

41. As a result of the foregoing personal injuries of plaintiff ELVIA PONCE GARCIA, plaintiff DEMETRIO PEREZ LOPEZ was deprived of the services, society and companionship of his spouse and incurred and will continue to incur medical and other expenses.

42. That the aforementioned per quod damages were proximately caused by the negligence and malpractice of the Lutheran Clinic through its employed physicians, nurses, technicians, and other medical personnel, including but not limited to Ernesto Rodriguez-Dumont, M.D. and Jyothi Chowdary Nannapaneni, M.D., while they were acting within the scope of their office or employment. 28 U.S.C. 2672.

43. That the aforementioned negligence and malpractice occurred under circumstances where the United States, if a private person, would be liable to the claimant for per quod damages in accordance with the law of the State of New York, the place where the negligence and malpractice occurred. 28 U.S.C. 2672.

44. On February 22, 2016, plaintiffs presented their claims to the Department of Health and Human Services, the appropriate Federal agency, by mailing a standard form 95, as required by 28 C.F.R. 14.2.

45. As of August 22, 2016, six (6) months have elapsed without notice of a final disposition of plaintiffs' claim being received from the Department of Health and Human Services by plaintiffs, therefore plaintiffs elect to deem this omission a final denial of their claims pursuant to 28 U.S.C 2675.

46. Therefore, having had her claim finally denied, plaintiff DEMETRIO PEREZ LOPEZ, institutes this claim against the United States under the Federal Tort Claims Act for money damages for personal injuries caused by the negligence and malpractice of the agents, representatives and/or employees of the Lutheran Clinic, including but not limited to employees Ernesto Rodriguez-Dumont,

M.D. and Jyothi Chowdary Nannapaneni, M.D., for actions that occurred while they were acting within the scope of their office or employment.

47. By reason of the foregoing, plaintiff ELVIA PONCE GARCIA, is entitled to recover FIVE MILLION ($ 5,000,000.00) DOLLARS from the defendant.

48. By reason of the foregoing, plaintiff DEMETRIO PEREZ LOPEZ, is entitled to recover FIVE MILLION ($ 5,000,000.00) DOLLARS from the defendant.

WHEREFORE, plaintiffs, ELVIA PONCE GARCIA and DEMETRIO PEREZ LOPEZ, demand judgment against defendant for in the total amount of TEN MILLION ($10,000,000.00) DOLLARS, together with interest, cost and disbursements of this action.

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
December 5, 2016

Respectfully Submitted,

TROLMAN, GLASER & LICHTMAN, P.C.

By: /s/ Ingrid H. Heide
INGRID H. HEIDE (IH6994)
747 Third Avenue, 23rd Floor
New York, New York 10017
(212) 750-1200